# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Jerry Wayne Boulware, ) | |
| ) | Civil Action No.: 6:16-cv-03851-JMC |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to Magistrate Judge Kevin F. McDonald's Report and Recommendation ("Report"), recommending that the Commissioner's decision be affirmed and Plaintiff Jerry Wayne Boulware's claims for disabled widower's benefits and supplemental security income benefits be denied. (ECF No. 21.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (*id*.).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 21) is accurate; therefore, the court adopts this summary as its own. The court will only recite herein procedures pertinent to the court's review of the Report (*id*.). On December 19, 2017, the Magistrate Judge filed the Report (*id*.), and on December 27, 2017, Plaintiff timely filed an objection (ECF No. 22). On February 23, 2017, the Commissioner replied to Plaintiff's objection (ECF No. 23).

## II.  JURISDCITION

The court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) which gives the court jurisdiction over a review of a final decision of the Commissioner of Social Security.

## III. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

## IV. ANALYSIS

The parties were advised of their right to file objections to the Report. (ECF No. 21.) On December 27, 2017, Plaintiff filed an objection. (ECF No. 22.) In his objection, Plaintiff states that (1) the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") assessment of Plaintiff is not supported by substantial evidence; (2) the ALJ did not appropriately assess Plaintiff's pain and credibility; and (3) since the evidence in the record supports that Plaintiff is limited to sedentary work, he is disabled under Medical-Vocational Rule 201.09. (ECF No. 22.)

As to Plaintiff's first assertion, the court finds that the Magistrate Judge correctly found that the ALJ's evaluation of Plaintiff's functional abilities was supported by substantial evidence. The ALJ evaluated the medical record at some length. (ECF No. 8-2 at 22-25.) He considered the medical opinions in the record in rendering an analysis of Plaintiff's functional abilities. (*Id*. at 25.) As the Magistrate Judge summarized, "the record did not bear-out the plaintiff's allegations regarding standing, walking, or lifting, and repeated medical findings referenced the plaintiff's normal gait and/or unremarkable extremity function." (ECF No. 21 at 17.) The Magistrate Judge also appropriately concluded that "the ALJ's decision reflects that the ALJ sufficiently considered Plaintiff's impairments in combination when making the [residual functional capacity] assessment." (*Id*. at 18.) Moreover, Plaintiff does not cite any medical evidence that he charges the ALJ with overlooking. As long as substantial evidence—more than a mere scintilla, but less than a preponderance, of evidence—supports the ALJ's decision, it should be affirmed. *See, e.g.*,

*Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). Accordingly, the court determines that the ALJ's decision was supported by substantial evidence.

Next, the court finds that the Magistrate Judge appropriately determined that the ALJ's assessment of Plaintiff's subjective complaints was supported by substantial evidence. Plaintiff argues that the ALJ's decision erroneously relied on "a few daily activities and . . . limited medical[] treatment over the years." (ECF No. 22 at 2.) However, the Magistrate Judge already considered and rejected this view, finding that the ALJ analyzed Plaintiff's medical history as a whole in considering Plaintiff's self-reported symptoms. (*See* ECF No. 21 at 13.) The Magistrate Judge outlined that:

- In November 2013, Plaintiff exhibited tenderness to palpation over his spinous processes and paraspinous muscles, with decreased breath sounds with wheezing; but he had no rhonchi, rales, or crackles, no motor dysfunction, and his gait and stance were normal. (*Id.*)

- In February 2014, Plaintiff was tender over his spinous processes and paraspinous muscles, with decreased breath sounds and wheezing, but he had no rhonchi, rales, or crackles, no motor dysfunction, and his gait and stance were normal. (*Id.*)

- In November 2014, Plaintiff's heart and lung examinations were within normal limits, and his care providers designated no remarkable findings regarding his abdominal or extremity function. (*Id.*)

- In May 2015, Plaintiff's care providers reiterated the same unremarkable findings as in previous visits. (*Id.*)

Plaintiff also argues that the ALJ penalized him for lack of treatment. (ECF No. 22 at 3.) However, the Magistrate Judge rejected this argument:

[I]t does not appear that the ALJ found the plaintiff less credible for failing to pursue more aggressive treatment. Rather, as the ALJ specifically found, such additional treatment had not been recommended, and medications had not been increased in over a year, yet, the plaintiff's symptoms nevertheless stabilized and improved simply with conservative, intermittent treatment. For example, as noted above, spirometry tests in August 2013 showed improvement with the plaintiff's reported reduction in smoking, and his oxygen saturation level several months later was 100%. Further, the plaintiff's care providers did not adjust his blood pressure

medication, inhaler, and anti-inflammatory medication between November 2013 and April 2015. The undersigned finds no error in the ALJ's consideration of this evidence.

(ECF No. 21 at 14.)

In addition, the Magistrate Judge acknowledged that the ALJ detected discrepancies in the record but still gave Plaintiff the benefit of the doubt and expressly limited Plaintiff's functional restrictions more significantly than the state agency experts suggested. (*Id*. at 15.) Thus, the court finds that the Magistrate Judge correctly determined that substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints.

Lastly, Plaintiff's position as to the Medical-Vocational Rule 201.09 is inapplicable. Plaintiff argues that since he is limited to sedentary work, he is disabled under Medical-Vocational Rule 201.09. (ECF No. 22 at 3.) However, the Magistrate Judge aptly summarized that this argument relies on the erroneous premise that the ALJ was obligated to limit Plaintiff to sedentary work. (ECF No. 21 at 19.) Rather, substantial evidence supported the ALJ's decision to instead limit Plaintiff to a range of light work. (ECF No. 8-2 at 22-23.) Consequently, Plaintiff's argument on this point is mistaken.

## V. CONCLUSION

Based on the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 5, 2018
Columbia, South Carolina